UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re the Application of NATALIA POTANINA<br><br>For an Order to Take Discovery Pursuant<br><br>to 28 U.S.C. § 1782(a) | Misc. Action No. 2:14-mc-50276<br><br>Hon. Victoria A. Roberts<br>Magistrate Judge R. Steven Whalen |

## MEMORANDUM OF LAW IN SUPPORT OF NATALIA POTANINA'S APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782

This Memorandum of Law is submitted on behalf of petitioner Natalia Potanina in support of her Application for discovery pursuant to 28 U.S.C. § 1782 from a company that has its offices in the Eastern District of Michigan and an individual who resides in the Eastern District of Michigan.

### I. FACTUAL BACKGROUND

Mrs. Potanina and her husband, Vladmir Potanin, were married in Russia on March 15, 1983. They have two adult children and one minor child. For the first seven years of their marriage, they and their two oldest children lived with Mrs. Potanina's parents. In 1990, Mr. Potanin founded the Interros Company ("Interros"), which provided services in financial consulting and support of foreign trade operations. Both Mr. Potanin and Mrs. Potanina have economics degrees,

and Mrs. Potanina was employed by several Interros subsidiary companies in various capacities throughout the 1990's and 2000's.

Mr. Potanin is now one of the ten richest men in Russia, and his net worth is estimated to exceed fourteen billion dollars ($14,000,000,000.00). *See* the accompanying Declaration of Natalia Potanina (the "Potanina Decl.") at ¶ 5 and Exh. A. The entire fortune accumulated by the Potanins, including Interros, and all of its assets and holdings, is marital property under Russian law. *See* the accompanying Declaration of Larisa Ryabchenko (the "Ryabchenko Decl.") at ¶ 9. According to Chapter 7, Article 34 of the Family Code of the Russian Federation, all assets acquired by the spouses during marriage (including the earnings of each of the spouses and movable and immovable assets, securities, shares, contributions, and other assets acquired during the marriage, irrespective of in whose name the assets have been acquired or in whose name the money has been deposited) are community marital property. *Id.*

On November 21, 2013, Mr. Potanin filed an action for divorce in the Presnensky District Magistrate Court in Moscow, Russia (the "Moscow Court"). As part of his filing, Mr. Potanin incorrectly asserted that there was no dispute between him and Mrs. Potanina concerning the division of marital property. To the contrary, Mrs. Potanina is seeking her rightful share of the marital property, and Mr. Potanin has informed her that he will make certain that she will get

nothing. Potanina Decl. ¶¶ 15-16. On December 25, 2013, Mrs. Potanina's Russian attorney informed the Moscow Court that Mrs. Potanina contests the divorce application and clarified that there is no agreement regarding the division of marital property. *Id.* at ¶ 21.

Mr. Potanin is the sole owner of Interros, which is one of the largest private investment companies in Russia. *Id.* at ¶ 22. Mrs. Potanina held various positions in Interros companies throughout the 1990's and 2000's, but since 2007, Mr. Potanin has been withholding from her information concerning his business dealings. *Id.* at ¶¶ 11-12. Although Mr. Potanin and Interros own companies, assets and investments across the globe, including substantial assets in the United States, on November 17, 2013, Mr. Potanin told Mrs. Potanina that she will never be able to prove that he has any assets. *Id.* at ¶ 16, 23. Mrs. Potanina believes that Mr. Potanin will continue to claim that he possesses no assets, and discovery available in the United States will show otherwise. *Id.* at ¶¶ 23-24.

The subpoenas proposed by the instant application seek depositions and production of documents from a corporate entity and individual (the "Discovery Respondents"), which are expected to have knowledge, documents, and information regarding, among other things, the current or former locations of (and amounts of) Interros and Potanin assets. Mrs. Potanina seeks these subpoenas for

the purpose of obtaining evidence for potential use in the Russian court proceeding.

## II. ARGUMENT AND AUTHORITIES

### A. Mrs. Potanina's Application Satisfies Section 1782's Statutory Requirements.

Under 28 U.S.C. § 1782, this Court may authorize the requested subpoenas. Specifically, § 1782 provides: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." This discovery may be ordered pursuant to "the application of any interested person."

Section 1782(a) was construed by the U.S. Supreme Court in *Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241 (2004), and has been applied by courts within the Sixth Circuit as follows:

A district court is authorized to grant a § 1782 request where:

(1) the person from whom discovery is sought resides or is found in the court's district,

(2) the discovery is for use in a proceeding before a foreign tribunal, and

(3) the application is made by an interested person.

*Chubb Ins. Co. of Europe v. Zurich American Ins. Co.*, no. 09-mc-0116, 2010 WL 411323 at *6 (N.D. Ohio Jan 28, 2010).

4

Mrs. Potanina's Application meets all of these threshold requirements. More specifically:

(1) Upon information and belief, the Discovery Respondents may be found in the Eastern District of Michigan. *See* the accompanying Declaration of Brian Summerfield (the "Summerfield Decl.") at ¶ 3.

(2) The evidence is for use in a foreign tribunal, *i.e.*, the divorce proceedings currently underway in the Moscow Court.

(3) Mrs. Potanina, who has been sued for divorce in the Moscow Court, is an "interested person."

**B.    This Court Should Exercise Its Discretion to Grant Mrs. Potanina's Application.**

Once a 28 U.S.C. § 1782(a) application satisfies the statutory requirements, the Court has wide discretion to grant discovery. *Chubb,* 2010 WL 411323 at *5. This Court may order discovery once these statutory requirements are met, but should consider additional factors in informing its discretion. *Id.* at *6. These factors are:

(1) when the discovery respondents are non-parties to the foreign proceeding, the need for aid is more apparent;

(2) the Court may take into account the nature of the foreign tribunal and proceedings, and the foreign receptivity to U.S. judicial assistance;

(3) the Court can consider whether the request conceals an attempt to circumvent foreign restrictions or policies; and

(4) the Court may reject or trim unduly intrusive or burdensome requests.

*In re Chevron Corp.*, no. 10-cv-00686, 2010 WL 8767266, at *2 (M.D. Tenn. Aug. 17, 2010), citing *Intel*, 542 U.S. at 264-67; *Chubb,* 2010 WL 411323 at *6.

In light of the goals of 28 U.S.C. § 1782(a), each of the above factors weighs in favor of granting Mrs. Potanina's Application:

- <u>Factor No.1</u>: The Discovery Respondents are not parties to the proceeding in the Moscow Court. Because the Moscow Court does not have jurisdiction to order discovery from companies and individuals located in the United States, *see* Ryabchenko Decl. ¶ 10, the need for this Court's aid in providing the discovery is more apparent. *Id.*

- <u>Factor No. 2</u>: A key fact for the foreign proceedings is the amount of marital assets to be distributed, and that fact is disputed by Mr. Potanin and Mrs. Potanina. It is critical under Russian law to know the full scope of Mr. Potanin's holdings and the size of the marital estate, and the Moscow Court would be receptive to U.S. federal-court judicial assistance in obtaining evidence. *Id.* at ¶¶ 9, 11. Beyond this threshold information, the Supreme Court's *Intel* decision makes clear that § 1782 "does not contain a 'threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding.'" *Intel*, 542 U.S. at 247. Even if Mrs. Potanina were not able to obtain the documents if they were located in Russia, that does not bar her from obtaining them in the

United States. *Chubb*, 2010 WL 411323 at *5 (citing *Intel*, 542 U.S. at 261-62).

- <u>Factor No. 3</u>: Mrs. Potanina's Application is not an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States. Indeed, in her Declaration, Ms. Ryabchenko states that she knows of no law, rule, or other policy in Russia that would preclude the United States proof-gathering sought in Mrs. Potanina's application under 28 U.S.C. § 1782(a). Ryabchenko Decl. ¶ 12. Likewise, there should be no concern that granting this Application would in any way circumvent the policies of the United States. Because the corporate Discovery Respondent has its principal places of business in the Eastern District of Michigan, and the individual Discovery Respondent can be found in the Eastern District of Michigan, the best way to obtain evidence from them is to proceed under 28 U.S.C. § 1782. This is precisely the type of situation contemplated by § 1782.

- <u>Factor No. 4</u>: Mrs. Potanina's request for discovery is not unduly intrusive or burdensome. As shown in the Subpoenas attached to the Application, the proposed discovery would be restricted to information available in the United States regarding Mr. Potanin's and Interros' assets and business

7

dealings since 2007, when Mr. Potanin began withholding from Mrs. Potanina information concerning his business dealings.

The Discovery Respondents are expected to have documents or information regarding the current or former locations of (and amounts of) Potanin assets, and regarding Mr. Potanin's actions with regard to these assets. Cosmopolitan Travel & Tours Inc. ("Cosmopolitan"), and its principal, Nikolai Atanassov, have served the Potanins extensively by making travel, hotel and restaurant arrangements they traveled in the United States. They have also been responsible for the hiring of United States tutors for the Potanins' youngest son. All payments to transportation companies, hotels, restaurants, tutors, and other service providers have been processed through Cosmopolitan, and Cosmopolitan and Mr. Atanassov are expected to have documents and information regarding the current or former locations of (and amounts of) the assets of Mr. Potanin and the sources of the funds used to pay the United States service providers described above. Potanina Decl., ¶ 24.

In addition, Mrs. Potanina is willing to enter into a reasonable confidentiality agreement, upon the request of the Discovery Respondents, restricting the use of the subpoenaed information to the disputed issues between the Potanins.

The goals of § 1782 and the application of the *Intel* factors supports this Court's exercise of its discretion to provide efficient assistance to Mrs. Potanina, to

deter misuse of United States entities to manipulate and conceal foreign assets, and to encourage foreign countries to provide similar assistance and to deter concealment of U.S. assets abroad.

## CONCLUSION

Because Mrs. Potanina's Application satisfies Section 1782's mandatory requirements and because the *Intel* discretionary factors also favor Mrs. Potanina's Application, Mrs. Potanina respectfully requests that this Court exercise its discretion in granting the Application and allowing the issuance and service of subpoenas.[1]

Dated: February 28, 2014         BODMAN PLC

/s/ Brian C. Summerfield
Brian Summerfield
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
Phone: (313) 259-7777
Fax: (313) 393-7579
bsummerfield@bodmanlaw.com

*Attorneys for Applicant
Natalia Potanina*

---

[1] As stated in the Proposed Order, any Discovery Respondent will have an opportunity to challenge the order and subpoenas by making motions to vacate the order and to quash the subpoenas, in whole or in part.