UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re the Application of NATALIA POTANINA

For an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a)

Misc. Action No. 14-MC-50276
Hon. Victoria A. Roberts
Mag. R. Steven Whalen

**OPPOSITION TO MOTION FOR EXTENSION OF TIME**

This Memorandum of Law is submitted on behalf of petitioner Natalia Potanina in opposition to Respondents' Motion for Extension of Time. Unfortunately, this is not a typical discovery issue, where the parties could in good faith work with each other and the Court to efficiently and expeditiously resolve any disputes. As is set forth below, Respondents' request for additional time is the first step in a prolonged campaign of delay and obstruction coordinated by Respondents' New York counsel on behalf of Mr. Potanin. It is not supported by any reasonable or valid concerns, and would prejudice Mrs. Potanina if granted.

I.   **FACTUAL BACKGROUND**

As is set forth in her original Application for discovery pursuant to 28 U.S.C. § 1782, Petitioner Mrs. Potanina is married to one of the ten richest men in Russia, Vladimir Potanin. After thirty years of marriage, (the

first seven of which the Potanins lived with Mrs. Potanina's parents), Mr. Potanin told Mrs. Potanina that he was divorcing her. (Dkt. 2-2 ¶¶ 8-14.) He also told her that he would not share any assets with her and that she would never be able to prove that he has any assets. (Id. ¶¶ 15-16.)

Mr. Potanin is now taking all possible steps to simultaneously speed the Potanins' divorce through the Russian courts, while attempting to slow down and frustrate the United States discovery that would help Mrs. Potanina locate his billions of dollars in hidden assets. His United States game plan is to coordinate as many respondents as possible so that each will: (a) ask for an additional period of time to respond to the subpoena; (b) avoid any substantive meet and confer conversations; (c) move to vacate the court's 28 U.S.C. § 1782 order and quash the subpoena in its entirety; and (d) request that if the Court orders discovery, it stays that discovery until its order can be appealed. Presumably, once discovery is ordered on appeal, the respondents will then move to a second round of motion practice regarding the scope of the requested discovery. This is merely the first move in that game.

Respondents are represented by the law firm of Debevoise and Plimpton LLP ("Debevoise"), which has represented Mr. Potanin and his Interros empire in numerous matters for the last several years. (See Exh. 1;

Dkt. No. 2-5.) Debevoise has appeared on behalf of all respondents with regard to the 28 U.S.C. § 1782 applications filed by Mrs. Potanina, with only two exceptions. The first exception is S.D. Tex. Case No. 14-Misc.-00429, where Debevoise filed an unsuccessful motion to intervene, and where respondent has already produced documents and appeared for a deposition. The second exception is in S.D.N.Y. Case No. 14-Misc.-31, where one of the respondents, Stone Tower Capital, is engaging in good faith meet and confer efforts and has already produced documents.

In every other instance, Debevoise has acted on behalf of respondents to move for an extension of time to respond to the subpoena. In each instance where the time to respond has come due, each of these respondents has filed a motion to vacate the 28 U.S.C. § 1782 order and quash the subpoena in its entirety. In no instance has any respondent represented by Debevoise engaged in a good faith meet and confer effort to respond to the subpoena. The unfortunate history of this pattern is set forth below in brief to assist this Court in understanding what it can expect in the future.

Debevoise was first engaged to oppose Mrs. Potanina's § 1782 applications on February 7, 2014. Its initial approach, on behalf of certain respondents in the Southern and Eastern Districts of New York, were February 13, 2014, letters requesting an additional 28 days to respond to the

subpoenas on the grounds that Respondents needed additional time to gather affidavits from Russian law experts to oppose the subpoenas.  Debevoise further argued that Mrs. Potanina would not be prejudiced because either party to the underlying Russian divorce proceedings could start asset division proceedings within three years.  (*See, e.g.,* Exh. 2.)

These letters carefully omitted the fact that any party to a Russian divorce proceeding can seek division of marital assets by bringing a judicial action ***at any time*** once the divorce proceedings have commenced.  Counsel for Mrs. Potanina therefore asked Debevoise if it represented Mr. Potanin and if it could make any representations that Mr. Potanin would stay the Russian proceedings, and Debevoise stated that it did not represent him and had no ability to affect the Russian proceedings.  Mrs. Potanina pointed these issues out to the New York courts on February 14th.  (*See, e.g.,* Exh. 3.)  The resulting order from the E.D.N.Y. granting respondents an additional eight days is attached to Respondents' papers (Dkt. No. 5, p. 46), and the S.D.N.Y. granted its relevant respondents twenty-eight additional days.

The following week, on February 20, 2014, Mr. Potanin appears to have commenced the division of marital assets proceedings in Moscow, just as Mrs. Potanina had feared.[1] When Debevoise sought an additional 29 and 30 days of time to respond to subpoenas in Montana and the Western District of Pennsylvania, Mrs. Potanina pointed out this important development. The Montana court therefore granted its respondent **no** additional days to move to quash or to file responses and objections to the discovery (Exh. 4), and the W.D. Pa. court granted its respondent eleven additional days to move to quash. (Exh. 5.)

Debevoise's next step was to request Mrs. Potanina's consent to a more limited extension of time to subpoenas in E.D. Va. and N.D. Tex., on the stated grounds that those respondents needed time to meet and confer in advance of filing a motion to quash. Counsel for Mrs. Potanina agreed to an eleven and twelve day extension of time, respectively, in the belief that those respondents would meet and confer in good faith. (*See, e.g.,* Exh. 6.)

Since that time, however, Debevoise has not reached out to Mrs. Potanina's counsel to meet and confer regarding the substance of the

---

[1] Mrs. Potanina has not been served with these papers, and bases this statement solely on what Mr. Potanin's Russian lawyers have told the Russian press in a series of press conferences and interviews presenting Mr. Potanin's point of view.

5

subpoenas to either of those respondents, or indeed to *any* respondents. (Exh. 7.) Instead, in a pro forma "meet and confer" call held on March 10, to satisfy W.D. Pa. meet and confer requirements before filing a motion to quash, Debevoise stated that it was "not in a position to discuss" the substance of the requests, and would only get to that issue if the judge ordered discovery. (*Id*.)

When Debevoise contacted Mrs. Potanina to request a 28-day extension of time for Respondents in this action, the stated reason was that Respondents wished to meet and confer to avoid potential motion practice. (*Id.*) In light of its history with Debevoise's representations and efforts, counsel for Mrs. Potanina suggested a stipulation that would have required Respondents to, *inter alia,* make representations regarding their willingness to meet and confer in good faith. (Exhs. 7, 8.) Respondents refused, and their current motion to this Court makes more clear that they intend to move to quash.

So far, lengthy motions to quash have been filed in Montana and W.D. Pa. Each motion presents the same arguments, with minor differences in discussing the factual circumstances of the respondents at issue, and a small number of cases that do not overlap. Each requests that, if the district

6

court orders any discovery, that court should stay its decision pending appeal to the relevant federal circuit.

## II. ARGUMENT

### A. **Respondents' Request is Unreasonable in Light of the Circumstances.**

Respondents' brief states that Respondents retained Debevoise on March 7, 2014. However, Debevoise has been aware of Mrs. Potanina's 28 U.S.C. § 1782 application in this Court since before it was so-ordered, because Debevoise referenced this action in its March 4, 2014 motion to quash the Montana subpoena. In addition, Debevoise has been working to oppose Mrs. Potanina's discovery requests since February 7, 2014, and already has substantial familiarity with the relevant underlying proceedings in the foreign court.

Respondents can also no longer argue, as previous respondents have done, that they need additional time to gather affidavits from Russian law experts. Indeed, in an apparent attempt to preview their eventual motion to quash arguments, they have attached as Exhibit 7 to their Motion for Extension of Time the March 3, 2014 Russian law expert affidavit that Debevoise filed in the Montana and Pennsylvania motions to quash.

Instead, the grounds for Respondents' argument are that they are differently situated than other respondents, that they are in a different

7


Circuit, and that their motion presents unique factual issues. These are the arguments that were raised by respondents in Montana and W.D. Pa. unsuccessfully, and they should also be insufficient here. (*See., e.g.,* Exhs. 4 and 9.)

### B.  Mrs. Potanina Will Be Prejudiced by any Delay.

Since February, Mrs. Potanina has been concerned that her husband will take actions to expedite the Russian proceedings, delay the United States discovery, and use the disconnect between the timing in the two countries to prejudice her interests, and all of those concerns have been proven valid by his actions and by the respondents' actions and arguments, as coordinated by Debevoise.

Mrs. Potanina was concerned that Mr. Potanin would seek to expedite the marital separation portion of the divorce, and he has successfully expedited that proceeding to obtain a divorce decree, over her strenuous objections. Respondents' contention that the divorce is now concluded is factually inaccurate, however: as Debevoise argued on behalf of a different respondent in the W.D. Pa. motion to extend time, a divorce decree is not effective unless the time to appeal it has run, and there has been no appeal. (Exh. 10, p. 5.) Mrs. Potanina's time to appeal the February 25, 2014 divorce decree has not yet run.

Mr. Potanin has compounded this harm by bringing a separate proceeding to divide assets stating that the marital assets are worth $140 million – **only 1% of his net worth**, according to third party sources. Debevoise now provides an expert affidavit stating that this asset division proceeding might take longer than the two months prescribed by Russian statute, but that affidavit does not take into account the effect on the timing of the Russian proceedings of an extremely powerful and well-connected opposing party who is attempting to expedite the proceedings at any cost. It also does not take into account the reality that respondents will seek to appeal any order granting discovery, which may further delay the United States process sufficiently that Debevoise will ultimately argue that all discovery sought by Mrs. Potanina is moot.

Finally, Mr. Potanin has claimed to the Russian press that he has recently given away all of the marital assets to charity, although in an interview, for an article entitled "Potanin Gives Away Billions. But Not To His Ex-Wife," one of his representatives clarified that "Potanin's wealth is managed in such a way that, if necessary, most of it could be donated to charitable causes." (Exh. 11.) Any delay will prejudice Mrs. Potanina's ability to discover the location and amount of marital assets before her husband wrongfully depletes them over her objections.

## **CONCLUSION**

For the reasons above, Mrs. Potanina respectfully requests that Respondents be granted no extension of time.

Dated: March 17, 2014                    BODMAN PLC


   /s/ Brian Summerfield
Brian Summerfield
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
Phone:  (313) 259-7777
Fax:  (313) 393-7579
bsummerfield@bodmanlaw.com

*Attorneys for Applicant*
*Natalia Potanina*

## Certificate of Service

I hereby certify that on March 17, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following to attorneys of record.

 /s/ Brian Summerfield
Brian Summerfield
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
Phone:  (313) 259-7777
Fax:  (313) 393-7579
bsummerfield@bodmanlaw.com