## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re the Application of NATALIA
POTANINA

For an Order to Take Discovery
Pursuant to 28 U.S.C. § 1782(a)

No. 14-MC-50276 (VAR)
Hon. Victoria A. Roberts
Magistrate Judge R. Steven Whalen

## BRIEF IN SUPPORT OF THE COURT'S APPROVAL AND ENTRY OF COSMOPOLITAN TRAVEL & TOURS INC.'S AND NIKOLAI ATANASSOV'S PROPOSED PROTECTIVE AND CONFIDENTIALITY ORDER

The parties have largely agreed on a Protective Order by which Respondents may designate (subject to challenge) certain documents and information as Confidential, and Petitioner may use such Confidential Information in enumerated Permitted Proceedings subject only to certain safeguards. Those safeguards are important given the type of information to be produced and the publicity surrounding the Potanins' divorce.[1]   But in four provisions of the Protective Order (shown on attached Exhibit B, which indicates where disagreements remain and Respondents' responses and proposed changes to Petitioner's proposals), Petitioner seeks to expand the use of Confidential Information in ways that undermine those safeguards and that are at odds with Section 1782 requirements.[2]   The Court should reject these four expansions, and so order Respondents' Proposed Protective and Confidentiality Order ("Proposed Order"), attached as Exhibit A.

***First***, in Paragraph 5(a) of the Protective Order, *see* Ex. B at 4, Petitioner seeks blanket permission to use Respondents' Confidential Information in "any legal proceedings in respect of Potanin family property, where Petitioner is the

---

[1]   The parties have contingently agreed that Respondents will produce documents including bank account and credit card records of Mr. Atanassov and his travel agency, certain of Mr. Atanassov's emails, as well as financial records and information regarding personal expenditures of Petitioner and Mr. Vladimir Potanin.

[2]   None of the requested weakening amendments proposed by Petitioner are contained in the prior protective and confidentiality orders negotiated by undersigned counsel. *See* Dkt. 33, No. 5:14-mc-00003-C (N.D. Tex. Apr. 3, 2014); Dkt. 28, No. 1:14-mc-00005-CMH-TRJ (E.D. Va. Apr. 4, 2014).

2:14-mc-50276-VAR-RSW   Doc # 24   Filed 05/28/14   Pg 3 of 7   Pg ID 682

plaintiff/petitioner and Vladimir Potanin is named as a defendant/respondent."
This expansion has no jurisdictional or temporal limits; it would permit Petitioner
to submit Confidential Information – obtained expressly for use in specified
Russian proceedings[3] – anywhere in the world.  This expansion impermissibly
would give Petitioner "carte blanche to use respondents' information based on the
hypothetical possibility that other . . . actions might be filed," with no supervision
by this Court or notice to Respondents.  *Mirana v. Battery Tai-Shing Corp.*, No.
08-80142, 2009 WL 1635936, at *3 (N.D. Cal. 2009); *see also Norcast S.A.R.L. v.
Castle Harlan, Inc.*, No. 12-CV-4973, 2014 WL 43492, at *10 (S.D.N.Y. 2014).

Respondents' Proposed Order provides a more balanced and fair approach.
It contemplates expanding the Permitted Proceedings, but subject to this Court's
approval.  *See* Ex. B ¶ 13.  It thus gives Petitioner the opportunity to use
Confidential Information elsewhere while ensuring that this Court is available to
protect Respondents' confidentiality interests as well.  This is not a mandate for a
document-by-document review by this Court, *cf. In re Michael Wilson Partners,
Ltd.*, No. 06-cv-02575, 2007 WL 3268475, at *3 (D. Colo. 2007), but a
requirement only that Respondents may be heard by this Court regarding use of
documents in as-yet unspecified jurisdictions as to which Respondents have not yet
been heard on the propriety of use or the risks confidentiality would be destroyed.

---

[3]     *See, e.g.*, Dkt. 1, App. for Disc. at 1; Dkt. 16 at 8-10; *see also* Dkt. 2, Mem.
of Law at 6-7 (citing Russian law and proceedings "in the Moscow Court").

**Second**, also in Paragraph 5(a), *see* Ex. B at 5, Petitioner seeks blanket permission to use Respondents' Confidential Information in "any recognition or judgment enforcement proceedings related to any order or judgment rendered in the Russian Proceedings."   Despite their reservations over this expansion, Respondents agree to this amendment, *if* Petitioner gives Respondents just three days prior notice so Respondents can take appropriate steps if needed to safeguard confidentiality in the relevant jurisdiction.   Without such modest protection, Petitioner could submit Confidential Information to courts anywhere in the world even if they would put such information at risk of disclosure.   This is at odds with the persuasive precedent that requires the confidentiality rules abroad to be known before disclosure is permitted.   *See, e.g.*, *Kulzer v. Biomet Inc.*, No. 09-MC-275, 2009 WL 3642746, at *9 (N.D. Ind. 2009) (denying Section 1782 discovery in part as petitioner "has failed to explain precisely how it intends to protect the confidentiality of Biomet's trade secrets in the German proceedings").   The requested notice, and assurance that confidentiality is available, *see* Ex. B at 8 (proposed amendment to ¶ 9), appropriately balance the parties' interests. Petitioner's apparent concern that notice could tip off Mr. Potanin ignores the fact that this proposed expansion would be relevant only *after* Petitioner had secured a Russian court judgment granting her entitlement to a specific asset, and hence there could be no "surprise" about Petitioner's interest in that asset.   Petitioner's request

3

also improperly presumes future misconduct in violation of Russian law in a way that violates Article III standing requirements, *see Los Angeles v. Lyons*, 461 U.S. 95 (1983), and is at odds with the Russian court's February 25 order directing Mr. Potanin to pay child support of 8.5 million rubles per month (Dkt. 14-3 & 14-4) and the absence of record evidence or even allegation that he has failed to do so.

***Third***, Petitioner seeks leave to disclose Respondents' Confidential Information to "any Russian Federal agency of competent jurisdiction if necessary under Russian law." *See* Ex. B at 7. Respondents agree to this expansion, *if* such disclosure is made in response to a lawful and compulsory order of a Russian court or prosecutor of competent jurisdiction, and prompt notice is provided.

Mr. Atanassov, who frequently travels to Russia, has a strong interest in preventing non-compulsory disclosure of his Confidential Information to unspecified Russian authorities and in receiving prompt notice if it is disclosed. Respondents' Proposed Order would allow Petitioner to disclose Confidential Information lawfully sought by Russian authorities, but not merely because Petitioner or one or more of her lawyers subjectively deem it to be "necessary."

***Finally***, Petitioner has refused Respondents' reasonable request that a limited number of lawyers at the law firm(s) appearing for Petitioner in the Russian Proceedings should sign an undertaking, *see* Exhibit A to Ex. A, subjecting themselves to this Court's authority, *see* Ex. B ¶ 5(b). While there is agreement

4

that "lead counsel" at each of Petitioner's law firms should sign, there is disagreement as to whether each of Petitioner's Russian counsel should sign the undertaking, leaving open a risk that non-signing counsel in the core Russian proceedings may perceive themselves unbound by the order. Respondents' request is drawn from the principles underlying the undertaking required of consulting experts in default protective orders in this District. *See, e.g.*, Ex. C. The reasoning underlying that form is apt: Petitioner's counsel located and appearing in jurisdictions abroad are not otherwise subject to the supervision of this Court. *Cf. In re App. of Hill*, No. M19-117, 2005 WL 1330769, at *5 (S.D.N.Y. 2005). Without such an undertaking, these counsel could disclose Mr. Atanassov's and his travel agency's Confidential Information with impunity.

For the foregoing reasons, Respondents respectfully request that the Court so order their Proposed Order so that the agreed discovery can proceed.

BOWMAN AND BROOKE LLP            DEBEVOISE & PLIMPTON LLP
By:   /s/ Thomas P. Branigan   
Thomas P. Branigan (P41774)      Steven S. Michaels
Lawrence C. Mann (P32223)        Yeugenia (Jane) Shvets
41000 Woodward Ave., Suite 200   919 Third Avenue
East Bloomfield Hills, MI 48304  New York, NY 10022
Phone: 248.205.3300              Tel.:  +1 (212) 909-7265
tom.branigan@bowmanandbrooke.com ssmichaels@debevoise.com
larry.mann@bowmanandbrooke.com   jshvets@debevoise.com

*Counsel for Movants and Subpoena Respondents Cosmopolitan Travel & Tours Inc. and Nikolai Atanassov*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys on record.

Respectfully submitted,

BOWMAN AND BROOKE LLP
By:   /s/Thomas P. Branigan
Thomas P. Branigan (P41774)
Lawrence C. Mann (P32223)
41000 Woodward Ave., Suite 200
East Bloomfield Hills, MI 48304
Phone: 248.205.3300
tom.branigan@bowmanandbrooke.com
larry.mann@bowmanandbrooke.com

DEBEVOISE & PLIMPTON LLP

Steven S. Michaels
Yeugenia (Jane) Shvets
919 Third Avenue
New York, NY 10022
Tel.:  +1 (212) 909-7265
ssmichaels@debevoise.com
jshvets@debevoise.com

*Counsel for Movants and Subpoena Respondents Cosmopolitan Travel & Tours Inc. and Nikolai Atanassov*