# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re the Application of NATALIA POTANINA for an<br><br>Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a) | No. 14-MC-50276 (VAR)<br><br>Hon. Victoria A. Roberts<br><br>Magistrate Judge R. Steven Whalen |

**[PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER**

This matter having come before the Court upon the submissions of petitioner Natalia Potanina ("Petitioner") and respondents Cosmopolitan Travel & Tours Inc. ("Cosmopolitan") and Nikolai Atanassov (collectively, "Respondents"), in the matter of Petitioner's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a), No. 14-MC-50276-VAR-RSW (E.D. Mich. filed Mar. 1, 2014) (the "U.S. Proceeding"), for a Protective and Confidentiality Order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information; and the Court having ruled on the parties' submissions, and good cause having been shown;

IT IS ORDERED as follows:

1. This Protective and Confidentiality Order is being entered to facilitate the production, exchange, and discovery of documents and information that Respondents believe merits confidential treatment (hereinafter the "Documents" or "Testimony"). "Documents" or "Testimony" shall include any form of information produced, exchanged, or made available, including without limitation that contained in affidavits, declarations, or other writings.

2. Respondents may designate Documents produced, or Testimony given, in connection with this matter as "Confidential" either by: (1) notation on the document; (2) statement on the record of a deposition; (3) written designations made following the receipt of the transcript of a deposition (in accordance with paragraph 6, *infra*); (4) statement in a writing related to the provision of information other than by production, exchange, and discovery of documents or via deposition; or (5) written notice to the undersigned counsel for Petitioner, with reference to the specific document(s) or information.

3. As used herein, "Confidential Information" shall refer to all Documents and Testimony, and all information contained therein, and other information designated as "Confidential." Respondents may designate as "Confidential" that information which Respondents in good faith consider to contain or reflect non-public trade secrets, proprietary business information,

competitively sensitive information, and/or other confidential information, or other information, including without limitation information pertaining to third parties, the disclosure of which would, in the good faith judgment of Respondents, be detrimental to the interests of or the conduct of Respondents' business or the business of any of Respondents' customers or clients.

     4.     Petitioner may, at any time after being notified by Respondents that Documents or Testimony have been designated as Confidential but before the time specified in paragraph 16, notify Respondents that Petitioner does not concur in the designation of a document or other material as Confidential Information. Such notification shall be in writing and specify the specific document(s) or information Petitioner in good faith believes does not qualify as Confidential Information. Within seven (7) days of receipt of Petitioner's written notice, Respondents shall communicate to Petitioner in writing whether Respondents agree to declassify the document(s) or information as Confidential. If Respondents do not agree to declassify such document(s) or information, the parties shall meet and confer in good faith to resolve any dispute(s). If, after conferring in good faith, the parties cannot reach an agreement, Petitioner may within seven (7) days move for an order declassifying those documents or materials before the United States District Court for the Eastern District of Michigan. If no such motion is filed, such document(s) or material(s) shall continue to be treated as Confidential Information and

Petitioner's objections to Respondents' classification of Confidential Information shall be waived.  If such motion is filed, the document(s) or other material(s) shall be deemed Confidential Information unless and until the Court rules otherwise.

     5.     Except with the prior written consent of Respondents or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

     a)     Petitioner and her representatives and agents, so long as Petitioner secures from each such representative and agent a signed acknowledgement attached hereto as Exhibit A, for use in:  (i) the U.S. Proceeding; (ii) the divorce proceeding between Petitioner and Vladimir Potanin in Russia (the "Potanins") and any appeals thereof; (iii) the proceeding regarding the division of the Potanins' marital assets currently pending in Russia;  (iv) any other Potanin asset division proceeding or family law proceeding filed in Russia ((ii), (iii), and (iv), collectively, the "Russian Proceedings,"); and (v)  any recognition or judgment enforcement proceedings related to any order or judgment rendered in the Russian proceedings, provided that, in the case of any recognition or enforcement proceeding outside Russia, undersigned counsel for Respondents are provided not less than three days' notice prior to the disclosure of Confidential Information in any such proceeding of (1) the specific

4

Confidential Information Petitioner seeks to disclose; (2) the court and jurisdiction in which Petitioner seeks to disclose such Confidential Information; and (3) the steps Petitioner is taking to secure the confidentiality of such Confidential Information. The proceedings described in (i)-(v) above are hereinafter collectively referred to as the "Permitted Proceedings";

      b)    counsel retained by Petitioner in the Permitted Proceedings, and the associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the Permitted Proceedings, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder, provided that each counsel for Petitioner in the Russian Proceedings and lead counsel at each of the law firms acting for Petitioner in other Permitted Proceedings shall sign the acknowledgement attached hereto as Exhibit A and shall provide a copy of this Protective and Confidentiality Order to each of the associated attorneys, paralegals, and other professional personnel (including support staff), in each case in a version thereof translated to a language in which they conduct business, who are directly assisting such counsel in the Permitted Proceedings;

c)     expert witnesses or consultants retained by Petitioner to furnish technical or expert services in connection with the Permitted Proceedings, or to give testimony with respect to the subject matter of such actions, so long as Petitioner secures from such expert witnesses or consultants a signed acknowledgement attached hereto as Exhibit A;

d)     the Court or court personnel in the Permitted Proceedings, if filed in accordance with paragraph 9 hereof;

e)     an officer before whom testimony is taken in a Permitted Proceeding, including stenographic court reporters and any necessary secretarial, clerical, or other personnel of such officer;

f)     for a document containing Confidential Information, any person who is an author or named recipient of that document;

g)     trial, hearing or deposition witnesses in Permitted Proceedings, so long as they either testify that they will comply with and be bound by the terms of this Protective and Confidentiality order, or Petitioner secures from such witness(es) a signed acknowledgment attached hereto as Exhibit A;

h)     any Russian Federation agency of competent jurisdiction, if Petitioner is required by a lawful and compulsory order of a Russian court or prosecutor of competent jurisdiction to provide such Confidential Information, provided that Petitioner shall give prompt written notice to

6

undersigned counsel for Respondents identifying the Confidential Information at issue and enclosing a copy of the subpoena, order, or other compulsory process in order that Respondents may protect their interests in said Confidential Information; and

    i)    any other person agreed to in writing by the parties hereto.

6. If one or more depositions is taken in this matter, the transcripts thereof and any exhibits subject to this Protective and Confidentiality Order to said transcripts shall presumptively be treated as Confidential Information and subject to this Protective and Confidentiality Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for Petitioner and Respondents. At or before the end of such thirty (30) day period, Respondents shall designate in writing (by reference page and line numbers) any testimony they deem Confidential Information.

7. This Protective and Confidentiality Order shall not preclude counsel for Petitioner from using, during any deposition in the U.S. Proceeding any Document(s) or Testimony which have been designated as Confidential Information under the terms hereof, provided that the corresponding portions of the deposition transcript and exhibits thereto are marked as Confidential subject to this Protective and Confidentiality Order.

8. In the case of Document(s) or Testimony other than deposition Testimony, designation of Confidential Information shall be made by stamping such documents accordingly prior to their production to Petitioner.

9. The parties hereto acknowledge that in the event Confidential Information is to be filed or offered as evidence in any Permitted Proceeding, such Confidential Information shall be filed under seal or maintained as confidential in whatever manner provided in the respective Permitted Proceeding to maintain the confidentiality of such Documents or Testimony, provided that if the court or tribunal in any Permitted Proceeding does not permit the Confidential Information to be filed under seal or otherwise similarly provide advance assurance as to the confidentiality thereof, the Confidential Information may not be submitted thereto.

10. Any person receiving Confidential Information shall not reveal such information to or discuss such information with any person not entitled to receive such information under the terms of this Protective and Confidentiality Order.

11. Any document(s) or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by Respondents by written notice to the undersigned counsel for Petitioner, identifying the document(s) or information as "confidential" within a reasonable time following the discovery that the document(s) or information have been produced without such designation. The

8

inadvertent or unintentional disclosure by Respondents of Confidential Information, regardless of whether Confidential Information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Respondents' claim of confidentiality either as to the specific document(s) or information disclosed or as to any other document(s) or information relating thereto or on the same related subject matter, provided that Petitioner is notified. Petitioner shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur prior to the receipt of the notification of a claim of confidentiality and such disclosure or distribution shall not be deemed a violation of this Protective and Confidentiality Order.

12. Extracts and summaries of Confidential Information shall be treated as confidential in accordance with the provisions of this Protective and Confidentiality Order.

13. This Protective and Confidentiality Order shall continue to be binding after the conclusion of the Permitted Proceedings. Should an actual and concrete need arise for disclosure of Respondents' Confidential Information beyond the current scope of Permitted Proceedings, Petitioner's counsel shall notify Respondents' counsel and the Parties shall meet and confer at that time and determine whether disclosure of Respondents' Confidential Information should be

permitted. Should the Parties not agree as a result of the meet-and-confer process, Petitioner may move this Court for an appropriate amendment to this Protective and Confidentiality Order; Respondents shall have notice and opportunity to be heard as to any such motion.

14. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15. Nothing in this Protective and Confidentiality Order shall limit the use of any Confidential Information that (a) was in the possession of Petitioner at the time of its receipt; (b) thereafter is provided to Petitioner from a source not obligated to maintain its confidentiality; or (c) is or becomes a part of the public domain by actions of someone other than Respondent, Petitioner, or any other person bound by this Protective and Confidentiality Order. For the avoidance of doubt, nothing in this paragraph or elsewhere in this Protective and Confidentiality Order shall limit Petitioner's use of the substance of any information contained within Confidential Information provided to her by Respondents, as long as Petitioner knew of that information prior to Respondents providing Confidential Information to her. Any Document(s) or Testimony Respondents provide to Petitioner pursuant to the parties' Settlement Agreement and Joint Motion and this Protective and Confidentiality Order, however, shall be treated as Confidential pursuant to the

10

terms of this Protective and Confidentiality Order regardless of Petitioner's prior knowledge of the substance of the information contained in the Document(s) or Testimony designated Confidential.

16. Within sixty (60) days after the final termination of the latest in time of the Permitted Proceedings, by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to Respondents or shall be destroyed, at the option of Respondents. Notwithstanding anything to the contrary, Petitioner's counsel may retain their copies of court filings and work product containing or referring to Confidential Document(s) or Testimony.

Dated: New York, New York
　　　　May __, 2014

AGREED AND ACCEPTED:

| ALSTON & BIRD, LLP | DEBEVOISE & PLIMPTON LLP |
| *Attorneys for Petitioner Natalia Potanina* | *Attorneys for Respondents Cosmopolitan Travel & Tours Inc. and Nikolai Atanassov* |
| By: _____ | By: _____ |

SO ORDERED:

/s/
United Stated District Judge

# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re the Application of NATALIA POTANINA for an<br><br>Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a) | No. 14-MC-50276 (VAR)<br><br>Hon. Victoria A. Roberts<br><br>Magistrate Judge R. Steven Whalen |

## EXHIBIT A
## ACKNOWLEDGMENT AND CONSENT

I hereby certify that: (i) I have read the Protective and Confidentiality Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Confidential Information under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including but not limited to its provisions restricting disclosure of Confidential Information and limiting the use of Confidential Information; (iv) I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of enforcement of

the Order; and (v) I understand that violation of the Order is punishable by contempt of Court and may be subject to such further relief as the Court may order.

Dated:_____          Signature:_____

                                                                                  Print name:_____