UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re the Application of NATALIA POTANINA<br><br>For an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a) | Misc. Action No. 14-MC-50276<br>Hon. Victoria A. Roberts<br>Mag. R. Steven Whalen |

**MEMORANDUM IN SUPPORT OF
PETITIONER'S [PROPOSED] PROTECTIVE ORDER**

As discussed at the May 22, 2014, telephonic status conference, Petitioner Natalia Potanina submits this memorandum in support of her request that the Court adopt and enter Petitioner's proposed Confidentiality Agreement and Protective Order (the "Protective Order", attached as Exhibit A.)

A.  **The Confidential Information is Not Sufficiently Sensitive to Warrant Extraordinary Measures**

The level and nature of protection Respondents are insisting upon is far out of proportion with the importance of that information to Respondents. Respondents are a travel agency and its principal. Petitioner seeks information related to her, her husband, and her family concerning payments to Respondents and payments by Respondents and other details concerning travel arrangements, hotel reservations, and similar items. Petitioner is essentially seeking her family's own information that is in Respondents' possession. Respondents have not proffered any reasonable explanation for their great concern about the

confidentiality of information that relates to Petitioner, her husband and her family. As a result, Respondents' alleged concern for preserving the confidentiality of this information appears groundless.

Indeed, the confidentiality provisions requested by Respondents appear crafted more for the benefit of Petitioner's husband rather than Respondents. As Petitioner has previously described, Respondents' counsel, Debevoise & Plimpton, also represents unrelated respondents in other courts. (Dkt. No. 7, pp. 2-3). Petitioner stresses that she is seeking discovery from Respondents because her husband of 30 years, one of Russia's ten wealthiest individuals with an estimated net worth exceeding $12 billion, has sued her for divorce in Russia and told her that she would never prove that he had any assets. Petitioner must potentially be able to use the information she receives from Respondents in connection with the current Russian proceeding and other related proceedings (including potentially for judgment enforcement) in various jurisdictions around the world.

B.   **Respondents' Suggested Prerequisites for Use of the Information Are Unnecessary and Would Prejudice Petitioner**

Petitioner submits that she ought to be permitted to use Respondents' confidential information in any proceedings related to the enforcement of a judgment of a Russian court, and in any other proceeding related to family assets where Petitioner is the plaintiff/petitioner and her husband, Vladimir Potanin, is named as a defendant/respondent. In a search for $12 billion worth of hidden

assets, it is inevitable that (1) these assets will be scattered around the globe, (2) Mr. Potanin will seek to keep them away from Mrs. Potanina, and (3) Mrs. Potanina will need to move quickly to freeze assets when they are found. As one step in this process, for example, Mrs. Potanina filed an asset attachment proceeding in Cyprus last Friday, May 23, 2014.

Instead, as is shown in the redline between Petitioner's and Respondents' proposed Protective Orders (attached as Exhibit B), Respondent seeks to limit Petitioner's access to the confidential information under ¶ 5(a)(vi) for judgment enforcement purposes by requiring Petitioner to provide Respondents with three days' advance notice. Similarly, in lieu of Petitioner's ¶ 5(a)(v) language allowing the confidential information to be used in proceedings related to Potanin family property, Respondents insist upon ¶ 13's language requiring a potentially lengthy meet and confer process *and* motion practice before Petitioner may use confidential information in other proceedings related to Potanin family property.

While couched in the language of protecting "confidentiality," these provisions appear designed to provide Mr. Potanin with advance notice of her filings, to enable him to foil efforts to locate and freeze family property and enforce the Russian Court's orders. It is unnecessarily burdensome to require the parties and this Court to incur the cost and delay of these proposed meet and confer and motion practices because ¶ 9 already provides that all information designated

as Confidential must be protected as such in any subsequent action.

In interpreting the scope of § 1782, the Supreme Court has held that a foreign proceeding need not be pending or imminent, but rather must only be within reasonable contemplation. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). Because the parties have reached agreement on the scope of discovery and have agreed that any confidential information must be maintained as such in any future proceeding, it is entirely inappropriate for Respondents to attempt to use the Protective Order to limit Petitioner's use of confidential information to pursue reasonably anticipated litigation with her husband. As the Western District of Pennsylvania just held, in adopting Petitioner's proposed protective order (*see* Exhibit C) instead of the order proposed by another respondent represented by Debevoise, "Respondent's objection equates, in essence, to an attempted preemptory challenge to enforcement proceedings brought in jurisdiction(s) not to its liking." *See* Exhibit D.[1]

### C. Respondents' Additional Edits Are Too Restrictive and Unnecessary

Petitioner is bound by the Confidentiality Order, and ¶ 5(b) requires lead counsel at each of her law firms to sign Exhibit A and independently agree to be bound. Respondents' proposal that every one of her Russian lawyers must also

---

[1] Petitioner also notes that she successfully negotiated a substantially less restrictive protective order covering sensitive financial information produced by a different respondent that was represented by Paul Weiss. *See* Exhibit E.

sign Exhibit A is demeaning and unnecessary, because it has no additional deterrent effect.

In ¶ 5(h), Petitioner seeks to be able to disclose confidential information to any Russian Federation agency of competent authority, if necessary under Russian law. Respondents would limit such disclosure to instances where a compulsory order has been issued, but this limitation is too narrow because it would not permit Petitioner to submit the information if, *e.g.*, it was required to be included in tax filings or other regulatory compulsory submissions.

Finally, ¶ 9 already sufficiently limits Petitioner to using confidential information in situations where its confidentiality will be maintained.

## CONCLUSION

In light of the foregoing, Petitioner respectfully submits that the Court should adopt and so-order the Protective Order attached hereto as Exhibit A.

Dated: May 28, 2014

ALSTON & BIRD LLP

_____
Karl Geercken
Amber Wessels-Yen
90 Park Avenue
New York, NY 10016
Phone: (212) 210-9400
Fax: (212) 210-9444
karl.geercken@alston.com
amber.wessels-yen@alston.com

*Attorneys for Applicant
Natalia Potanina*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas P. Branigan (P41774) | Steven S. Michaels |
| Lawrence C. Mann (P32223) | Yeugenia Shvets |
| Bowman & Brooke LLP | Debevoise & Plimpton LLP |
| 41000 Woodward Ave., Suite 200 East | 919 Third Avenue |
| Bloomfield Hills, MI 48304 | New York, NY 10022 |
| Tel: (248) 205-3300 | Tel: (212) 909-6573 |
| Fax: (248) 205-3399 | Fax: (212) 521-7760 |
| tom.branigan@bowmanandbrooke.com | ssmichaels@debevoise.com |
| larry.mann@bowmanandbrooke.com | jshvets@debevoise.com |

*Attorneys for Respondents*
*Cosmopolitan Travel & Tours, Inc. and Atanassov*

By:   /s/ Amber Wessels-Yen
      Amber Wessels-Yen
      90 Park Avenue
      New York, NY 10016
      Phone: (212) 210-9400
      Fax: (212) 210-9444
      amber.wessels-yen@alston.com