# EXHIBIT C

# IN THE U.S. DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re the Application of NATALIA POTANINA ) )
) Misc. Action No. 2:14-mc-00050-CB
)
For an Order to Take Discovery )
Pursuant to 28 U.S.C. § 1782(a). )

## [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER

This matter having come before the Court by stipulation of petitioner Natalia Potanina ("Petitioner") and respondent Norilsk Nickel USA, Inc. ("Respondent"), in the matter of Petitioner's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a) (W.D. Pa. Misc. Action No. 2:14-mc-00050-CB) (filed Feb. 12, 2014) (the "Proceeding"), for a Protective and Confidentiality Order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.  This Protective and Confidentiality Order is being entered into to facilitate the production, exchange and discovery of documents and information that Respondent believes merits confidential treatment (hereinafter the "Documents" or "Testimony") in the event the Court orders or the parties by stipulation agree that any discovery should be provided. "Documents" or "Testimony" shall include any form of information produced, exchanged, or made available, including without limitation that contained in affidavits, declarations or other writings.

2. Respondent may designate Documents produced, or Testimony given, in connection with this matter as "Confidential" by: notation on the document; statement on the record of a deposition; written designations made following receipt of the transcript of a deposition (in accordance with paragraph 6, *infra*); statement in a writing related to the provision of information other than by production, exchange, and discovery of documents or via deposition; or written notice to the undersigned counsel for Petitioner, with reference to the specific document(s) or information.

3. As used herein, "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as "Confidential." Respondent may designate as "Confidential" that information which Respondent in good faith considers to contain or reflect non-public trade secrets, proprietary business information, competitively sensitive information, and/or other confidential information, or other information, including without limitation information pertaining to third parties, the disclosure of which would, in the good faith judgment of Respondent, be detrimental to the interests of or the conduct of Respondent's business or the business of any of Respondent's customers or clients.

4. Petitioner may, at any time after being notified by Respondent that Documents or Testimony have been designated as Confidential but before the time specified in paragraph 16, notify Respondent that Petitioner does not concur in the designation of a document or other material as Confidential Information. Such notification shall be in writing and specify the specific document(s) or information Petitioner in good faith believes does not qualify as Confidential Information. Within seven (7) days of receipt of Petitioner's written notice, Respondent shall communicate to Petitioner in writing whether Respondent agrees to

declassify the document(s) or information as Confidential. If Respondent does not agree to declassify such document(s) or information, the parties shall meet and confer in good faith to resolve any dispute(s). If, after conferring in good faith, the parties cannot reach an agreement, Petitioner may within seven (7) days move for an order declassifying those documents or materials before the District Court in which this Proceeding was initiated. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information and Petitioner's objections to Respondent's classification of Confidential Information shall be waived. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Petitioner shall seek leave of Court to file the Confidential Information that is the subject of any such motion (or that is appended to or described or incorporated in any other filing made in this Proceeding) under seal. Petitioner may not file any Confidential Information on the Court's public docket.

5. Except with the prior written consent of Respondent or by Order of this Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    a) Petitioner and her representatives and agents, so long as Petitioner secures from each such representative and agent a signed acknowledgement attached hereto as Annex A, for use in: (a) this Proceeding; (b) the divorce proceeding between Petitioner and Vladimir Potanin in Russia (the "Potanins") and any appeals thereof; (c) the proceeding regarding the division of the Potanins' marital assets currently pending in Russia; (d) any other Potanin asset division proceeding or family law proceeding filed in Russia ((b), (c), and (d), collectively, the "Russian Proceedings,"); and/or (e)

3

any recognition or judgment enforcement proceedings related to any order or judgment rendered in the Russian Proceedings. The proceedings described in (a)-(e) above are hereinafter collectively referred to as the "Permitted Proceedings";

b) counsel retained by Petitioner in the Permitted Proceedings, and the associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the Permitted Proceedings, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c) expert witnesses or consultants retained by Petitioner to furnish technical or expert services in connection with the Permitted Proceedings, or to give testimony with respect to the subject matter of such actions, so long as Petitioner secures from such expert witnesses or consultants a signed acknowledgement attached hereto as Annex A;

d) the Court or court personnel in the Permitted Proceedings, if filed in accordance with paragraphs 4 and 9;

e) an officer before whom testimony is taken in a Permitted Proceeding, including stenographic court reporters and any necessary secretarial, clerical or other personnel of such officer;

f) for a document containing Confidential Information, any person who is an author or named recipient of that document;

g) trial, hearing or deposition witnesses in Permitted Proceedings, so long as Petitioner secures from such witness(es) a signed acknowledgement attached hereto as Annex A or such witness(es) testifies he/she will be bound by the language of the

4

terms of this Protective and Confidentiality Order and Annex A, including the consent to jurisdiction contained therein; and

      h)     any other person agreed to in writing by the parties hereto.

6.     If one or more depositions is taken in this Proceeding, the transcripts thereof and any exhibits to said transcripts shall presumptively be treated as Confidential Information and subject to this Protective and Confidentiality Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for Petitioner and Respondent. At or before the end of such thirty-day period, Respondent shall designate in writing any testimony it deems Confidential Information.

7.     This Protective and Confidentiality Order shall not preclude counsel for Petitioner from using, during any deposition in a Permitted Proceeding, any Documents or Testimony which have been designated as "Confidential Information" under the terms hereof, provided that the corresponding portions of the deposition transcript and exhibits thereto are marked as Confidential and as subject to this Protective and Confidentiality Order.

8.     In the case of Documents or Testimony other than deposition Testimony, designation of Confidential Information shall be made by stamping such documents accordingly prior to their production to Petitioner.

9.     The parties hereto acknowledge that in the event Confidential Information is to be filed or offered as evidence in any Permitted Proceeding, such Confidential Information shall be filed under seal or in another appropriate manner to maintain the confidentiality of such Documents or Testimony.

10.    Any person receiving Confidential Information shall not reveal it to, or discuss it with, any person not entitled to receive such information under the terms hereof.

5

11. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by Respondent by written notice to the undersigned counsel for Petitioner identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. The inadvertent or unintentional disclosure by Respondent of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Respondent's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter, provided that Petitioner is notified. Petitioner shall not be responsible for the disclosure or other distribution of belatedly-designated Confidential Information as to such disclosure or distribution that may occur prior to the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed a violation of this Protective and Confidentiality Order.

12. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Protective and Confidentiality Order.

13. This Protective and Confidentiality Order shall continue to be binding after the conclusion of the Permitted Proceedings.

14. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15. Nothing in this Protective and Confidentiality Order shall limit the use of any Confidential Information that (a) was in the possession of Petitioner at the time of its receipt;

6

(b) thereafter is provided to Petitioner from a source not obligated to maintain its confidentiality; or (c) is or becomes a part of the public domain by actions of someone other than Respondent, Petitioner, or any other person bound by this Protective and Confidentiality Order. For the avoidance of doubt, nothing in this paragraph 15 or elsewhere in this Protective and Confidentiality Order shall limit Petitioner's use of the substance of any information contained within Confidential Information provided to her by Respondent, as long as Petitioner knew of that information prior to Respondent providing Confidential Information to her. Any Document(s) or Testimony Respondent provides to Petitioner pursuant to the parties' Settlement Agreement and Joint Motion and this Protective and Confidentiality Order, however, shall be treated as Confidential pursuant to the terms of this Protective and Confidentiality Order regardless of Petitioner's prior knowledge of the substance of the information contained in the Document(s) or Testimony designated Confidential.

16. Within sixty (60) days after the final termination of the Permitted Proceedings, by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to Respondent or shall be destroyed, at the option of Respondent. Notwithstanding anything to the contrary, Petitioner's counsel may retain their copies of court filings and work product containing or referring to Confidential Documents or Testimony.

This Protective and Confidentiality Order may be executed in counterparts and a facsimile, e-mail or other duplicate signature shall be deemed an original.

Dated: New York, New York
April ___, 2014

AGREED AND ACCEPTED:

ALSTON & BIRD, LLP                          DEBEVOISE & PLIMPTON LLP

*Attorneys for petitioner Natalia Potanina*   *Attorneys for respondent Norilsk Nickel USA Inc.*

By: /s/                                      By: /s/
    Amber Wessels-Yen, Esq.                      Mark W. Friedman, Esq.
    90 Park Avenue                               Steven S. Michaels, Esq.
    New York, New York 10016                     919 Third Ave
    Tel. (212) 210-9400                           New York, New York 10022
                                                 Tel. (212) 909-6000

SO ORDERED:

/s/
United States District Judge

8

ANNEX A

Case 2:14-mc-00050-CB Document 51 Filed 05/28/14 Page 10 of 10
Case 2:24-cv-04055-SVW-CBD Document 25-4 Filed 05/04/22 Page 10 of 10 PgID 771

# IN THE U.S. DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re the Application of NATALIA POTANINA )<br>)<br>)<br>For an Order to Take Discovery )<br>Pursuant to 28 U.S.C. § 1782(a). ) | Misc. Action No. 2:14-mc-00050-CB |

## ACKNOWLEDGMENT AND CONSENT

I hereby certify that: (i) I have read the Protective and Confidentiality Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Confidential Information under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including but not limited to its provisions restricting disclosure of Confidential Information and limiting the use of Confidential Information; (iv) I hereby submit to the jurisdiction of the United States Court for the Western District of Pennsylvania for purposes of enforcement of the Order; and (v) I understand that violation of the Order is punishable by contempt of Court and may be subject to such further relief as the Court may order.

Dated:_____  Signature:_____

Print name:_____