# EXHIBIT D

2:14-mc-50276-VAR-RSW   Doc # 25-5   Filed 05/28/14   Pg 1 of 4   Pg ID 772

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATALIA POTANINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Misc. No. 14-50 |
| | ) | |
| NORILSK NICKEL USA, INC., | ) | Judge Cathy Bissoon |
| | ) | |
| Respondent. | ) | |

**ORDER**

Having carefully considered all of the filings in this case, the Court concludes that Petitioner has demonstrated entitlement to the discovery productions she has requested. The Court rejects Respondent's arguments that discovery is inappropriate or impermissible under 28 U.S.C. § 1782. In support of this ruling, the Court incorporates by reference, as if fully restated, Petitioner's arguments in her filings at Docs. 2 and 25. Thus, Respondent's Motion (**Doc. 22**) to vacate the Court's prior Order (Doc. 7) granting discovery, and to quash or stay Petitioner's subpoena, is **DENIED**.

The parties' positions regarding the subject matter and scope of discovery are stated in their Joint Status Report (Doc. 30). As to the issues identified in the Report, the Court ORDERS as follows:

Topic 1.   Respondent shall produce its semi-annual financial reports; monthly summary reports of purchases and sales between it and other entities; and federal tax filings for the tax years 2007 through 2012. *See* Report at 2-5. As for the tax year 2013, Respondent shall produce its filings within seven (7) calendar days of their submission to the IRS.

Topic 2. Respondent is ordered to produce all corporate records, as contemplated in Petitioner's position statement in the Report. *See id.* at 5-8. As to documents potentially located on computer servers outside the United States, the Court agrees with and adopts Petitioner's arguments regarding "possession, custody and control." To the extent that legitimately privileged documents are withheld, Respondent must produce a privilege log, and the deadline will be established below.

Topic 3. Respondent shall produce materials from 2005 until present. Petitioner has presented persuasive arguments for expanding the scope of her requests. *See id.* at 8-9. The Court construes Petitioner's request for the earlier-dated materials as a motion to supplement her original application, and that motion is GRANTED. The Court rejects Respondent's suggestion that the additional requests/productions significantly alter the landscape of the parties' disagreements.

Topic 4. The deposition of a corporate representative of Respondent will proceed, and either Mr. Sobolev or Mr. Foltz must appear as the representative. *See id.* at 10-11. Should Mr. Foltz appear, he must educate himself regarding information known or reasonably available to the Respondent-corporation, akin to the standards applied under Federal Rule 30(b)(6). The Court cannot abide a series of arguments that, if accepted, would result in the conclusion that no person can be called upon to know, or testify regarding, information held by the Respondent-corporation. Having availed itself of the benefits of incorporation, Respondent cannot rely on the purported unavailability, or lack of personal knowledge, of the agents through which it acts.

Topic 5. The documents that Respondent already has agreed to provide shall be produced within five (5) calendar days of this Order; all other responsive materials shall be produced within fourteen (14) calendar days; and Respondent's privilege log shall be provided within twenty-one (21) calendar days. The parties remain free to work together, in good faith, to consider any necessary modifications to this timeline to alleviate any unforeseen and/or unreasonable hardships that may be encountered through the course of production. As may be inferred from the rulings herein, the Court already has rejected Respondent's crabbed reading of its putative discovery obligations, and the timeframe it proposes

regarding the production of a privilege log (45 days) reflects a leisureliness inconsistent with the Court's expectations.[1]

Finally, the Court hereby ADOPTS Petitioner's proposed protective order (Doc. 31-1), and Respondent's Motion (**Doc. 32**) to adopt its competing protective order is **DENIED**. The parties' only significant disagreement relates to a single clause in ¶ 5(a) of their proposals, and the Court concludes that Respondent's objection equates, in essence, to an attempted preemptory challenge to enforcement proceedings brought in jurisdiction(s) not to its liking. The validity or propriety of any enforcement proceeding may be challenged in the respective tribunal, and this Court will not decide such issues in the guise of a discovery ruling in this case.

IT IS SO ORDERED.

May 21, 2014

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All counsel of record

---

[1] Counsel are directed to confer, in good faith, and reach agreement regarding the scheduling of the deposition referenced above. To be clear, Mr. Foltz's impending retirement in June 2014 will <u>not</u> provide a legitimate excuse for Respondent's failing to produce an appropriate representative.