# EXHIBIT E



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 1 2014
```

Nathan, A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re the Application of NATALIA POTANINA

For an Order to Take Discovery Pursuant

to 28 U.S.C. § 1782(a)

Misc. Action No. 1:14-mc-00031

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

This matter having come before the Court by stipulation of petitioner Natalia Potanina ("Petitioner") and respondent Stone Tower Capital LLC, now known as Apollo ST Capital LLC ("Respondent"), in the matter of Petitioner's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a) (S.D.N.Y. No. 14-mc-31) (the "Proceeding"), for a Protective Order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Protective Order is being entered into to facilitate the production, exchange and discovery of documents and information that Respondent believes merits confidential treatment (hereinafter the "Documents" or "Testimony").

2. Respondent may designate Documents produced, or Testimony given, in connection with this matter as "Confidential" either by notation on the document, statement on the record of the deposition, or written advice to the respective undersigned counsel for Petitioner, with reference to the specific document(s) or information.

3. As used herein, "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as "Confidential." Respondent may designate as "Confidential" that information which Respondent

1

in good faith considers to contain or reflect non-public trade secrets, proprietary business information, competitively sensitive information, and/or other confidential information, or other information, the disclosure of which would, in the good faith judgment of Respondent, be detrimental to the conduct of Respondent's business or the business of any of Respondent's customers or clients.

4. Petitioner may, at any time, notify Respondent that Petitioner does not concur in the designation of a document or other material as Confidential Information. If Respondent does not agree to declassify such document or material, Petitioner may move for an order declassifying those documents or materials before the Part I judge presiding over the Proceeding in the Southern District of New York (the "Court") at the time of Petitioner's motion. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of Respondent or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    a) Petitioner and her representatives and agents, for use in proceedings concerning or related to issues in dispute between Petitioner and Vladimir Potanin (together with their family members, the "Potanins"), so long as Petitioner believes in good faith that such persons have a need to review such documents or information;

    b) counsel for Petitioner in the instant matter, and counsel for Petitioner in any other proceeding concerning or related to issues in dispute between the Potanins, and Petitioner's associated attorneys, paralegals and other professional personnel (including

support staff) who are directly assisting such counsel in the preparation for trial or other proceeding, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c) expert witnesses or consultants retained by Petitioner to furnish technical or expert services in connection with proceedings concerning or related to issues in dispute between the Potanins, or to give testimony with respect to the subject matter of such actions;

d) the Court or court personnel in proceedings concerning or related to issues in dispute between the Potanins, if filed in accordance with paragraph 9 hereof;

e) an officer before whom testimony is taken, including stenographic court reporters and any necessary secretarial, clerical or other personnel of such officer;

f) for a document containing Confidential Information, any person who is an author or named recipient of that document;

g) trial, hearing or deposition witnesses, so long as they agree to comply with and be bound by the terms of this Protective Order; and

h) any other person agreed to by the parties hereto.

6. All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for Petitioner and Respondent. At or before the end of such thirty-day period, the deposition shall be classified appropriately.

7. This Protective Order shall not preclude counsel for Petitioner from using, during any deposition in proceedings concerning or related to issues in dispute between the Potanins, any Documents or Testimony which have been designated as "Confidential Information" under

3

the terms hereof, provided that the corresponding portions of the deposition transcript and exhibits thereto are marked as Confidential subject to this Protective Order.

8. In the case of Documents, designation of Confidential Information shall be made by stamping such documents accordingly prior to their production to Petitioner. In the case of deposition Testimony, designation of Confidential Information shall be made by notifying counsel hereto in writing of those portions of the deposition transcript which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the delivery of the transcript. Prior to the expiration of such thirty (30) day period (or until a designation is made, if such a designation is made in a shorter period of time), all such testimony shall be treated as Confidential Information.

9. The parties hereto acknowledge that in the event Confidential Information is to be filed in any proceeding, or is to be offered as evidence in any proceeding, such Confidential Information shall be filed under seal or in another appropriate manner to maintain the confidentiality of such Documents or Testimony.

10. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

11. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by Respondent by written notice to the undersigned counsel for Petitioner identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. The inadvertent or unintentional disclosure by Respondent of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or

4

in part of Respondent's claim of confidentiality either as to the specific information disclosed or as to the any other information relating thereto or on the same related subject matter, provided that Petitioner is notified. Petitioner shall not be responsible for the disclosure or other distribution of belatedly-designated Confidential Information as to such disclosure or distribution that may occur prior to the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed a violation of this Protective Order.

12. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Protective Order.

13. This Protective Order shall continue to be binding after the conclusion of the instant matter and after the conclusion of other proceedings concerning or related to issues in dispute between the Potanins.

14. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15. Within sixty (60) days after the final termination of proceedings concerning or related to issues in dispute between the Potanins, by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to Respondent or shall be destroyed, at the option of Respondent. Notwithstanding anything to the contrary, Petitioner's counsel may retain their copies of court filings and work product containing or referring to Confidential Documents or Testimony.

16. This Protective Order may be executed in counterparts and a facsimile, e-mail or other duplicate signature shall be deemed an original.

Dated: New York, New York
      March *10*, 2014

AGREED AND ACCEPTED:

ALSTON & BIRD, LLP
*Attorneys for petitioner Natalia Potanina*

By: /s/ Amber Wessels-Yen
Amber Wessels-Yen, Esq.
90 Park Avenue
New York, New York 10016
Tel. (212) 210-9400

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*Attorneys for respondent Stone Tower Capital LLC,
n/k/a Apollo ST Capital LLC*

By: /s/ Andrew J. Ehrlich
Andrew J. Ehrlich, Esq.
Tobias J. Stern, Esq.
1285 Avenue of the Americas
New York, New York 10019
Tel. (212) 373-3172

SO ORDERED:

/s/ PART I
United States District Judge

3/11/14

6